IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUILLERMO RAMOS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| CARROLLTON-FARMERS BRANCH | § | CIVIL ACTION NO. _____ |
| INDEPENDENT SCHOOL DISTRICT; | § | |
| and JAMES GOODE, NANCY CLINE, | § | |
| JOHN MATHEWS, RICHARD | § | |
| FLEMING, RANDY SCHACKMANN, | § | |
| FRANK SHOR, and NANCY WATTEN, in | § | |
| their official capacities, | § | |
| | § | |
| **Defendants.** | § | |

COMPLAINT FOR DECLARATORY AND
PERMANENT INJUNCTIVE RELIEF CONCERNING
VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT

Plaintiff Guillermo Ramos ("Ramos") files this Complaint for Declaratory and Permanent Injunctive Relief Concerning Violations of Section 2 of the Voting Rights Act ("Complaint") against Defendants Carrollton-Farmers Branch Independent School District ("CFBISD") and James Goode, Nancy Cline, John Mathews, Richard Fleming, Randy Schackmann, Frank Shor, and Nancy Watten (each individually, a "Trustee"), in their official capacities as members of the CFBISD Board of Trustees (the "Board"), as follows:

**I.**

**PRELIMINARY STATEMENT**

1. Elected officials responsible for the oversight, financing, and management of public school systems hold some of the most important positions in representative government. However, when the electoral process from which those officials are chosen "stacks the deck"

COMPLAINT FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF
CONCERNING VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT          Page 1

against a large ethnic group within the population of eligible voters – and effectively denies that group a meaningful voice in policy and direction – such governing bodies cease to be "representative."

2.      Regrettably, the current at-large system for electing the seven-member CFBISD Board of Trustees effectively denies membership and representation to Latinos, who comprise a significant portion of eligible voters within CFBISD – and an even larger percentage of the CFBISD student population.  By this action, Ramos, who is a member of that group within CFBISD, seeks appropriate judicial relief for violations of the Voting Rights Act of 1965 (the "Voting Rights Act").  Specifically, Mr. Ramos requests that the Court issue an appropriate permanent injunction and declaratory judgment to ensure that his voice and the voice of other Latinos are heard – and that they are fairly and appropriately represented in matters regarding the governance of their public school system.

## II.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to:  (1) 28 U.S.C. § 1331, which grants United States district courts original jurisdiction over any civil action "arising under the . . . laws . . . of the United States;" (2) 28 U.S.C. § 1343(a)(3), which grants district courts original jurisdiction over any civil action to redress a deprivation of any right secured by a law of the United States "providing for the equal rights of citizens within the jurisdiction of the United States;" and (3) 28 U.S.C. § 1343(a)(4), which grants district courts original jurisdiction over any civil action under "any Act of Congress providing for the protection of civil rights, including the right to vote."

4.      This Court has personal jurisdiction over CFBISD because the District is primarily located in northwest Dallas County, with the smaller remaining portion located in

**COMPLAINT FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF**
**CONCERNING VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT**          **Page 2**

southeast Denton County, Texas.  This Court also has personal jurisdiction over the Trustees because each resides in Carrollton, Farmers Branch, or Addison, Texas, and all reside within the territorial boundaries of CFBISD.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside in the State of Texas and most, if not all, reside within the Northern District.

## III.

## PARTIES

### A.    Plaintiff

6.      Ramos is a United States citizen, a Latino, and a registered voter who, since 2006, has resided within the territorial boundaries of CFBISD.  Following his graduation from Newman Smith High School, he obtained a B.B.A. from the University of North Texas.  After becoming involved in public issues in Farmers Branch, Ramos attended Texas Wesleyan University School of Law (now Texas A&M University School of Law) and became a licensed attorney.  Ramos has owned and operated a number of businesses in Farmers Branch, and he currently practices law there.  It is important to Ramos, his clients, and customers - many of whom are Latinos residing within CFBISD - that the District take into consideration the needs and concerns of the growing number of Latino students and parents in CFBISD.  Accordingly, Ramos desires to participate in the political process on an equal basis with other CFBISD residents.  Unfortunately, the electoral system denies Ramos and other Latinos an equal opportunity to elect representatives of their choice.  That is why he brings this action.

### B.    Defendants

7.      CFBISD is an independent school district located in Dallas County and Denton County, Texas and was created pursuant to Texas law.  CFBISD may be served with process

**COMPLAINT FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF**
**CONCERNING VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT**          **Page 3**

through its Superintendent, Dr. Bobby Burns, at 1445 North Perry Road, Carrollton, Texas 75006.

8.      James Goode ("Goode") is a Trustee elected to Place 1 of the Board, is the President of the Board, and resides within CFBISD.  He may be served with process at 3437 Longmeade, Farmers Branch, Texas 75234.

9.      Nancy Cline ("Cline") is a Trustee elected to Place 2 of the Board and resides within CFBISD.  She may be served with process at 3036 Silverado Drive, Carrollton, Texas 75051.

10.     John Mathews ("Mathews") is a Trustee elected to Place 3 of the Board and resides within CFBISD. He may be served with process at 2001 Stefani Court, Carrollton, Texas 75007.

11.     Richard Fleming ("Fleming") is a Trustee elected to Place 4 of the Board, is the Assistant Secretary of the Board, and resides within CFBISD.  He may be served with process at 5050 Quorum Dr., Suite 245, Addison, Texas 75254.

12.     Randy Schackmann ("Schackmann") is a Trustee elected to Place 5 of the Board and resides within CFBISD.  He may be served with process at 3309 Highland Meadow Drive, Farmers Branch, Texas 75234.

13.     Frank Shor ("Shor") is a Trustee elected to Place 6 of the Board, is the Vice President of the Board, and resides within CFBISD.   He may be served with process at 2517 Danny Lane, Farmers Branch, Texas 75052.

14.     Nancy Watten ("Watten") is a Trustee elected to Place 7 of the Board, is the Secretary of the Board, and resides within CFBISD.  She may be served with process at 2744 Bay Meadow Ct., Farmers Branch, Texas 75052.

## IV.

## FACTS

### A.    The Carrollton/Farmers Branch Independent School District:  A Large Texas Public School System With A Majority Of Students Who Are Latino.

15.    CFBISD, with an enrollment of over 26,000 students, operates on an annual budget of approximately $286 million, covers a geographic territory in excess of 53 square miles, and consists of 40 elementary, middle, and high schools.  The geographic jurisdiction of CFBISD includes portions of the cities of Carrollton, Farmers Branch, Addison, Coppell, Dallas, and Irving.  It is the 46th largest school district in the State of Texas.

16.    Significantly, the majority of its students are Latinos.  Specifically, 55% of the student body is made up of members of that ethnic group.  Of equal importance, that group is growing as a percentage of the total student population.  Naturally, along with the growing proportion of Latino students comes an increasing percentage of Latino parents and voters.

### B.    CFBISD's At-Large System For Electing Trustees

17.    The CFBISD Board consists of seven at-large Trustee seats.  The terms of office are staggered, and Trustees serve three-year terms in positions called "places" – which, ironically, have no geographic significance.  Thus, candidates run for specific "places" but elected Trustees do not represent any specific territory or sub-district within CFBISD.  They are each elected by the general voting population within the entirety of CFBISD.

18.    To prevail in a CFBISD election, a candidate must receive a majority of the votes cast for that seat.  If no candidate receives such a majority of the votes in the first election, a run-off election between the top two candidates determines the winner.

19.    Two Trustee seats on the Board are up for election in May 2015, and three seats will be up for election in May 2016.

**C.**      **The Discriminatory Effects Of CFBISD's Electoral System Upon Latinos**

20.      Data from the 2013 American Community Survey ("ACS") shows that the total population of the CFBISD is 165,260 residents, of whom 38,905 (23.54%) are Latino.  The total citizen voting age population ("CVAP") of the CFBISD is 120,160 residents, of whom 20,800 (17.31%) are Latino.  Based on those percentages, a Latino would be expected to have been elected as a Trustee member on the CFBISD Board.  But that statistical probability has not become a reality due to the at-large structure of the District's electoral system.

21.      The Latino population in CFBISD not only is large but also is geographically compact – with the majority of that group residing in identifiable areas within Carrollton and Farmers Branch – such that those persons would constitute a majority of eligible voters in one or more properly-apportioned single-member electoral districts.

22.      Latinos within CFBISD are a politically unified group who vote cohesively as a bloc.  Voting in CFBISD is racially polarized and, because whites vote as a bloc, the result is the defeat of every Latino candidate for the CFBISD Board since at least 1995.  That consistent pattern of racially-polarized voting leads to limited representation of, and indifference to, the interest of the Latino community in the CFBISD.

23.      Moreover, Latinos within CFBISD have common socio-economic characteristics and a distinct history.  They have been subjected to official and private discrimination on the basis of race and/or ethnicity in, among other things, employment, education, health services, and housing.  Those acts of discrimination exacerbate the vote dilution caused by the CFBISD electoral system.  In fact, historical discrimination against Latinos in education, housing, employment, and health services has contributed to a lower socioeconomic status for Latinos in CFBISD.

24.    In sum, the CFBISD electoral system is characterized by practices and procedures that impair Latino electoral success, including:  (1) at-large elections for all seven seats on the Board; (2) staggered election terms; and (3) a District-wide majority vote requirement.  There is no legitimate reason to continue those practices.  The time is long overdue for CFBISD to adopt a system which ensures that the Latino community has a meaningful opportunity for full and fair participation in the election process.

**D.    Absent Judicial Intervention, The Current Discriminatory Electoral System Will Remain In Place.**

25.    The CFBISD electoral system violates Section 2 of the Voting Rights Act.  Unless the Court directs CFBISD to design a single-member electoral system that does not unlawfully dilute the votes of Latino voters, the current discriminatory system will persist.  Indeed, despite the many recent adverse court rulings against the City of Farmers Branch regarding that municipality's actions and policies against Latinos (including its electoral system), CFBISD has declined to adjust its own electoral system.  As a result, for at least 20 years, the Latino community has been unable to elect a member-candidate of its choice to the CFBISD Board.

**V.**

**CLAIMS**

**A.    Count One:  Declaratory Relief For Violations Of Section 2 Of The Voting Rights Act.**

26.    The allegations set forth in paragraphs 1-23 above are hereby incorporated as if fully set forth herein.

27.    Section 2 of the Voting Rights Act prohibits any standard, practice or procedure that results in the denial or abridgment of the rights of minorities to vote.  Specifically, it forbids any electoral system that denies Latinos an opportunity equal to that afforded to other members of the electorate to elect representatives of their choice.

**COMPLAINT FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF**
<u>**CONCERNING VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT**</u>                **Page 7**

28.     CFBISD's at-large electoral system for electing its Board dilutes Latino voting strength and is not equally open to participation by CFBISD's Latino voters.  Further, the electoral system results in Latinos having less opportunity than other CFBISD voters to meaningfully participate in the electoral process and to elect representatives of their choice.

29.     The Latino community in CFBISD is sufficiently large and geographically compact, and constitutes a politically-unified group that votes cohesively as a bloc, such that one or more properly-apportioned single-member electoral districts can be drawn in which Latinos would constitute a majority of eligible voters.

30.     CFBISD Board elections are characterized by racially-polarized voting in which the predominately white voting bloc votes in a way that regularly defeats the Latino community's candidates of choice.  Thus, based on the totality of past and present circumstances, the CFBISD electoral system impermissibly dilutes the Latino vote and stymies that community's ability to participate fully in the election process.

31.     Accordingly, Ramos requests that he Court issue a declaratory judgment that the CFBISD electoral system violates Section 2 of the Voting Rights Act.

**B.     <u>Count Two:  Injunctive Relief For Violations Of The Voting Rights Act</u>**

32.     The allegations set forth in paragraphs 1-29 above are hereby incorporated as if fully set forth herein.

33.     Unless enjoined, the CFBISD electoral system will remain in force and, therefore, CFBISD will continue to violate Section 2 of the Voting Rights Act by administering, implementing, and conducting future elections for Board members utilizing that unlawful system.

34.     Without the Court's intervention, the Board's actions and the electoral system will cause Latino voters irreparable harm because the electoral system denies those voters the

opportunity to fully participate in the electoral process by diluting the strength of their vote, for which there is no adequate remedy at law.

35.     Accordingly, Ramos requests that the Court enter a permanent injunction prohibiting Defendants from administering, implementing, and conducting future elections for the CFBISD Board of Trustees based on the at-large electoral system.  Such relief is authorized by the Voting Rights Act as well as principles of equity.

**C.       Count Three:  Request For Attorneys' Fees**

36.     The allegations set forth in paragraphs 1-33 above are hereby incorporated as if fully set forth herein.

37.     As a result of CFBISD's unlawful electoral system, Ramos has been required to retain the undersigned counsel to present and prosecute the claims asserted herein.

38.     This action is a suit to enforce the voting guarantees of the Voting Rights Act. Pursuant to 52 U.S.C § 10310(e) and 42 U.S.C. § 1988, Ramos is entitled to recover his reasonable attorneys' fees, reasonable expert fees, and other reasonable litigation expenses as part of his costs for pursuing this lawsuit.

**VI.**

**REQUEST FOR RELIEF**

In light of the foregoing, Ramos respectfully requests that this Court enter judgment in his favor and against Defendants, providing for the following relief:

(a)     A judicial declaration that the at-large method for electing members to the CFBISD Board violates Section 2 of the Voting Rights Act;

(b)     A permanent injunction prohibiting CFBISD, its Trustees, agents, and all persons acting in concert with any of them, from administering,

implementing, or conducting any future elections for the Board under an at-large electoral system;

(c)     An order directing CFBISD to devise an election plan and an implementation schedule that remedies the violations of Section 2.  If CFBISD fails to formulate such a plan, the Court should order into effect a new election plan of its own, designed to remedy the violation of Section 2, and order elections to be held pursuant to that plan as promptly as possible;

(d)     An award of reasonable attorneys' fees, reasonable expert fees, and other reasonable litigation expenses pursuant to 52 U.S.C § 10310(e), 42 U.S.C. § 1988, and any other applicable statute;

(e)     An award of costs of Court; and

(f)     Any other relief, at law or in equity, to which Ramos is entitled and which this Court deems just and proper.

DATED:  April 24, 2015.                    Respectfully submitted,

                                           **BICKEL & BREWER STOREFRONT, PLLC**

                                           By: */s/ Gregory A. Brassfield*
                                               **William A. Brewer III**
                                               State Bar No. 02967035
                                               **Jack G. B. Ternan**
                                               State Bar No. 24060707
                                               **Gregory A. Brassfield**
                                               State Bar No. 24079900
                                               **Anthony J. Bégon**
                                               State Bar No. 24092109

                                               1717 Main Street
                                               Suite 4800
                                               Dallas, Texas 75201
                                               Telephone:  (214) 653-4000
                                               Facsimile:  (214) 653-1015

                                               **ATTORNEYS FOR PLAINTIFF**